■ In the Matter of Ziporah Orner, Respondent, v Felipe E. Orner, Appellant. [694 NYS2d 683] —In a visitation proceeding pursuant to Family Court Act article 6 to modify the visitation provisions of a stipulation of the parties, which was incorporated but not merged into their judgment of divorce dated September 5, 1995, the father appeals from an order of the Family Court, Queens County (Shelton, J.), dated April 19, 1999, which granted the mother's petition and modified her visitation rights. The appeal from an order dated February 17, 1999, is deemed to be a premature appeal from the order dated April 19, 1999 (*see,* CPLR 5520 [c]; Family Ct Act § 1112).

Ordered that the order is affirmed, without costs or disbursements.

The parties' stipulation provided that the mother could exercise midweek visitation with the two children in the father's custody on condition that she provide advance notice of one week. The Family Court modified that provision by eliminating the requirement of advance notice. We decline to disturb the Family Court's determination. The noncustodial parent has a right to regular and frequent visitation, since the best interests of the children lie in their being nurtured and guided by both parents (*see, Twersky v Twersky,* 103 AD2d 775). Contrary to the father's further contention, the court's order does not interfere with his right to practice the religion of his choice (*see, Matter of Weil v Clavering,* 215 AD2d 766; *Barran v Nayyar,* 174 AD2d 1012) or undermine the parties' agreement to raise the children as Orthodox Jews (*see, Matter of Arain v Arain,* 209 AD2d 406).

The father's remaining contentions are without merit. Altman, J. P., Krausman, H. Miller and Schmidt, JJ., concur.