■ In the Matter of LESLIE B. SIMPSON, Respondent, v JAMES H. SIMRELL, Appellant. [745 NYS2d 123] —Carpinello, J. Appeal from an order of the Family Court of Broome County (Ray, J.), entered April 17, 2001, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 8, for modification of a prior order of visitation.

After a trial on two petitions seeking to modify respondent's visitation with his young daughter, Family Court ordered that the liberal visitation granted to respondent in a prior order be limited to two hours of supervised visitation at his expense. The order also provided that respondent could apply for unsupervised visitation after seven months if he completed an accredited course of at least 12 sessions of anger management. Respondent appeals.

"Whether visitation is appropriate is a matter left to Family Court's sound discretion * * * and its findings, to which deference is to be accorded, will not be disturbed on appeal unless they lack a sound basis in the record * * *" (*Matter of Shawn Y.*, 263 AD2d 687, 688 [citations omitted]). These principles are applicable to our review of the modification of a visitation order to require supervised visitation (*see, Matter of Fisk v Fisk*, 274 AD2d 691, 692-693), tempered of course by the overriding concern for the best interest of the child (*see, Eschbach v Eschbach*, 56 NY2d 167, 173). In this case, Family Court's determination to require supervised visitation was based on the finding that respondent was unable to control his anger, a finding that has a sound basis in the record.

In addition to the testimony regarding an incident involving petitioner's fiancé, which resulted in respondent's conviction of aggravated harassment in the second degree, respondent's conduct during the trial demonstrated his inability to control his temper. The transcript reveals that during questioning by petitioner's counsel, respondent was, at best, uncooperative, evasive and argumentative. He also denied having any problem controlling his anger and portrayed himself as an innocent victim in the incident with petitioner's fiancé. Having the additional benefit of observing respondent's demeanor as a witness and as a litigant, Family Court noted that "[t]he Court is frightened by the hostility and uncontrolled anger displayed by [respondent] in the Court, including his outbursts here." Although there is no direct evidence that respondent had ever directed his anger at his daughter or had harmed her in any way, she was present during the incident involving petitioner's

fiancé, which frightened her, and his inability to control his anger in the presence of his daughter is detrimental to the child's best interest. Accordingly, the record provides no basis to disturb Family Court's conclusion that limiting respondent to supervised visitation was in the child's best interest.

With regard to respondent's claim that Family Court erred in certain of its evidentiary rulings, we conclude that any error was harmless because the particular evidence involved in each ruling was not directly relevant to the central issue in this case. For example, evidence which might have demonstrated a legitimate basis for respondent's anger at petitioner's fiancé is irrelevant to the crucial issue regarding respondent's ability to control that anger and respond appropriately to the provocation. With regard to respondent's challenge to the condition of Family Court's order that he complete an anger management program, we note that the condition did not prevent visitation. Respondent can continue with supervised visitation regardless of whether he completes the program, and compliance with the condition will permit him to seek modification without the need to show any other change in circumstances.

With regard to respondent's final contention that Family Court erred in requiring him to bear the cost of supervised visitation, we note that respondent and his counsel were both physically present in the courtroom when Family Court rendered its decision from the bench imposing such costs and there was neither an objection voiced nor any claim made that respondent could not afford it. Accordingly, we conclude that respondent waived the claim he now raises on appeal.

Mercure, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.