■ In the Matter of Leo N. Pearson, Jr., Respondent, v Jamie L. Parks, Appellant. [761 NYS2d 352] —Carpinello, J. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered June 7, 2002, which partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior order of visitation.

Petitioner sought to modify a prior order of Family Court which had granted him weekly visitation with his young son to be supervised by the Family and Children's Society of Broome County, Inc. at a cost of $15 a visit. Specifically, because the fee for each visit had increased to $25, petitioner requested that alternative arrangements for supervised visitation be permitted. At a hearing on the petition, it was established that petitioner was unemployed due to a recent medical condition and could not afford to pay the required visitation fee to the Family and Children's Society. He was also apparently in arrears to that agency for past visits. Although he had employment "lined up" once he recuperated, he did not state with any certainty when that might be. Respondent was also unemployed as of the hearing.

It was further established that each of the parties had a friend who was willing to supervise all weekly visits between petitioner and the child. Each of these individuals was questioned about their relationship to the parties, their willingness to assist in supervising visitation and their available time to do so each week. Although respondent preferred to have all visits take place at the Family and Children's Society, she testified that she was amenable to visits in a public place or with her particular friend.

Family Court partially granted the petition in that it set forth a varied schedule of weekly supervised visitation. Specifically, the court ordered that one visit per month would be supervised by each of the parties' respective friends, that at least one visit per month would be supervised by the Family and Children's Society and that one visit per month would be supervised by respondent herself in a public place. In arriving at this schedule, Family Court found, and we agree, that the child is entitled to get to know his father and that a continuation of visits as previously ordered (i.e., at the Family and Children's Society) would make this unlikely. By "spreading" the supervision around, the court attempted to lessen the burden on each of the willing friends and to ensure that "visitation will take place." Family Court's decision to so modify the previous order has a sound and substantial basis in the record promoting the child's best interest; accordingly, we affirm (*see e.g. Matter of Fish v Manning,* 300 AD2d 932 [2002]; *Matter of Simpson v Simrell,* 296 AD2d 621 [2002]).

Spain, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.