■ In the Matter of BROCK TAYLOR, Respondent, v MELANIE LUMBA, Appellant. (Proceeding No. 1.) In the Matter of MELANIE LUMBA, Appellant, v BROCK TAYLOR, Respondent. (Proceeding No. 2.) [766 NYS2d 373] —In two related child custody proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Westchester County (Spitz, J.H.O.), dated January 28, 2002, which, inter alia, granted the father's petition for custody of the parties' child and denied her cross petition for custody.

Ordered that the order is affirmed, without costs or disbursements.

It is well settled that in adjudicating custody and visitation rights, the paramount concern is the best interests of the child (see Domestic Relations Law § 70; Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Friederwitzer v Friederwitzer, 55 NY2d 89, 93-95 [1982]; Matter of Acosta v Acosta, 259 AD2d 747 [1999]; Matter of Prete v Prete, 193 AD2d 804, 805 [1993]). "Among the factors to be considered are the quality of the home environment and the parental guidance the custodial parent provides for the child * * * the ability of each parent to provide for the child's emotional and intellectual development * * * the financial status and ability of each parent to provide for the child * * * the relative fitness of the respective parents, and the length of time the present custody arrangement had

been in effect" (*Matter of Krebsbach v Gallagher,* 181 AD2d 363, 364 [1992]). In addition, while the recommendations of court-appointed experts are entitled to some weight (*cf. Young v Young,* 212 AD2d 114 [1995]), the court is not bound by those recommendations (*see Forzano v Scuderi,* 224 AD2d 385, 386 [1996]). The existence or absence of any one factor cannot be determinative on appellate review since the court must consider the "totality of the circumstances" (*Eschbach v Eschbach, supra* at 174; *see Young v Young, supra*).

Here, there is sufficient basis in the record, including the testimony of the parties, their witnesses, the court-appointed forensic evaluator, and the Westchester County Department of Social Services caseworker, to support the award of custody to the father.

The mother's remaining contentions are without merit. Altman, J.P., Florio, Friedmann and Mastro, JJ., concur.