■ In the Matter of ABIGAIL ANAYA, Respondent, v STACEY H. HUNDLEY, Appellant. [785 NYS2d 479]—

In a child custody proceeding pursuant to Family Court Act article 6 in which the father sought to modify the visitation schedule set forth in an order of the Family Court, Suffolk County (McNulty, J.), entered February 24, 1992, and continued in a judgment of divorce of the same court (Austin, J.) entered September 19, 2000, the father appeals from an order of the Family Court, Suffolk County (Simeone, J.), entered April 19, 2004, which, after a hearing, awarded him supervised visitation of only four weeks per year.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family

Court, Suffolk County, for further proceedings consistent herewith.

The parties were married in 1990 and their union produced one child, Tiana, born March 26, 1991. Pursuant to an order of the Family Court, Suffolk County, entered February 24, 1992, the mother was awarded custody, and the father was awarded alternate weekend visitation. This visitation schedule was continued in the parties' September 2000 judgment of divorce. This was feasible at the time, given the parties' continued residence on Long Island. However, in or about July 2002 the father moved to North Carolina, thus rendering visitation pursuant to the former schedule infeasible.

Alleging that the mother was obstructing contact with his daughter, the father sought an order identifying specific weeks for visitation to take place. At the hearing, it was shown that the father's employment schedule and financial wherewithal would permit him to travel to New York on a limited basis, and it was not in Tiana's best interest to have her travel to North Carolina. Furthermore, at the hearing the father, who had been released from incarceration in March 2002, was confronted with the facts of his criminal past, his history of domestic violence with the mother, much of it in Tiana's presence, and his alleged drug activities, also in Tiana's presence. Aware that the father has resided with an aunt who lives in Hempstead who has been involved in visitation with Tiana in the past, the Family Court adopted the recommendation of the Law Guardian and awarded the father four weeks of visitation per year, to be supervised by the aunt.

The father contends that the Family Court erred in ordering supervised visitation, as the events upon which the Family Court based its determination were remote in time and did not reflect his current state of responsibility. Contrary to the father's contentions, the Family Court providently exercised its discretion in ordering the father's visitation with Tiana to be supervised (*see Matter of Custer v Slater,* 2 AD3d 1227 [2003]; *Matter of Simpson v Simrell,* 296 AD2d 621 [2002]; *Matter of Hughes v Sivertsen,* 275 AD2d 414 [2000]: *Matter of Morgan v Sheevers,* 259 AD2d 619 [1999]). However, the Family Court improperly designated the father's aunt to serve as the supervisor of visitation, without adequately ascertaining the aunt's continued ability and willingness to supervise visitation in weeklong increments (*cf. Matter of Pearson v Parks,* 306 AD2d 580 [2003]). Indeed, the record demonstrates that the Family Court never spoke with the aunt. There is nothing in the record to establish that the aunt is able and willing to provide supervision

for an entire week, or where such supervision will take place. Moreover, the record is silent as to who else lives in the aunt's household, and whether such other individuals may be appropriate or inappropriate supervisors of visitation. In short, the Family Court failed to ensure that Tiana will receive appropriate and responsible supervision while visiting with the father. Thus, the visitation order (which erroneously identified the aunt as the father's mother) is not consistent with Tiana's best interests, which is the paramount concern (*see Matter of Pignataro v Davis,* 8 AD3d 487 [2004]; *Matter of Taylor v Lumba,* 309 AD2d 941 [2003]).

Furthermore, there is no evidence that telephone contact would be inimical to the daughter's welfare (*see Matter of Morash v Minucci,* 299 AD2d 486 [2002]; *see also Matter of Orner v Orner,* 263 AD2d 544 [1999]). Any visitation schedule should expressly set forth that the father be permitted regular telephone contact that is conditioned upon Tiana's willingness to engage in conversation (*see Matter of Darla N. v Christine N.,* 289 AD2d 1012 [2001]; *Jabri v Jabri,* 193 AD2d 782, 783-784 [1993]). Accordingly, upon remittitur, the Family Court should also set a schedule of telephone contact.

The father's remaining contentions are without merit. Ritter, J.P., S. Miller, Goldstein and Mastro, JJ., concur.