■ In the Matter of SURIYA ELNATANOVA, Respondent, v ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent, and VYACHGESLAV ISKHAKBAYEV, Appellant. [825 NYS2d 239]—

In a child custody proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Queens County (Richardson, J.), dated January 9, 2006, as, after a hearing, directed that his visitation with the child be supervised.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The determination of whether visitation should be supervised is a matter left to the Family Court's sound discretion, and its findings, to which deference is to be accorded, will not be disturbed on appeal unless they lack a sound basis in the record (*see Matter of Rho v Rho*, 19 AD3d 605 [2005]). In view of the evidence of domestic violence by the father against the mother in the child's presence, the father's excessive corporal punishment of the child, and the father's consistent pattern of detrimental behavior against the mother, the Family Court properly found that the child's visitation with the father should be supervised (*see Matter of James Joseph M. v Rosana R.*, 32 AD3d 725 [2006]; *Matter of Kargoe v Mitchell*, 12 AD3d 978 [2004]; *Matter of Anaya v Hundley*, 12 AD3d 594 [2004]; *Matter of Rosario WW. v Ellen WW.*, 309 AD2d 984 [2003]).

Contrary to the father's contention, the Family Court providently exercised its discretion in declining to order another forensic evaluation of the parties and the child. Forensic evaluations already had been conducted during the neglect phase of the proceedings, heard by the same Judge who presided over the custody/visitation phase, and there was sufficient testimony to enable the court to resolve the custody/visitation issue without additional evaluations (*see generally Matter of Kubista v Kubista*, 11 AD3d 743 [2004]; *Matter of Nunnery v Nunnery*, 275 AD2d 986 [2000]). Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.