In the Matter of DANIEL BEFAKADU POWELL, Respondent-Appellant, v ALLISON JUNE BLUMENTHAL, Appellant-Respondent. [827 NYS2d 187]—

In a child visitation proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Nassau County (Phillips, Ct Atty Ref), dated November 18, 2005, as, after a hearing, awarded the father unsupervised visitation with the subject children in the state of Hawaii, and the father cross-appeals, as limited by his brief, from so much of the same order as directed that he pay for the subject children's travel and lodging expenses in order to visit him in Hawaii, prohibited him from discussing any issues pertaining to his religion or philosophy with the children during the visitation, and directed therapeutic visitation in addition to the unsupervised visitation.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provisions thereof awarding the father unsupervised visitation with the subject children in the state of Hawaii and substituting therefor provisions

awarding the father day visitation supervised by an individual chosen by the parties and the Law Guardian for seven hours within the state of New York to begin during the children's summer recess in July 2007, and thereafter day visitation supervised by an individual chosen by the parties and the Law Guardian for seven hours within the state of New York to begin during the children's winter school recess in February 2008, with each visit to be followed by one hour of therapeutic visitation with a certified therapist chosen by the parties and the Law Guardian; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The father commenced the instant visitation proceeding to modify an order issued by the District Court of the Third Judicial District (hereinafter the Wyoming District Court) within the state of Wyoming in May 2001 which, after a hearing, inter alia, denied him visitation with the subject children. The father sought an order granting him, inter alia, unsupervised visitation with the subject children in the state of Hawaii.

Initially, we note that the father met his burden of demonstrating a subsequent change in circumstances warranting a hearing (see Family Ct Act § 652 [b]). The father demonstrated that, following the previous order issued by the Wyoming District Court, he was released from his incarceration at a federal penitentiary and was residing at a permanent residence within the state of Hawaii. Further, it was undisputed that the children wished to visit with the father.

The hearing testimony established that the father had not visited with the subject children since 1997 due in part to his incarceration. Upon his release from the federal penitentiary, the father was, in effect, paroled to the state of Hawaii and prohibited from leaving the state until July 2007. The evidence further demonstrated that the mother and the subject children resided together in the state of New York. After the hearing, the Family Court, inter alia, awarded the father unsupervised visitation with the subject children in the state of Hawaii.

Under the circumstances, the Family Court improvidently exercised its discretion in awarding the father unsupervised visitation with the subject children in Hawaii. A parent's supervised visitation with a child is required only where it is shown that unsupervised visitation would be detrimental to the child (see Matter of Anaya v Hundley, 12 AD3d 594, 595 [2004]). Given the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 172 [1982]), including the age of the children, the father's extensive criminal background, his history

of domestic violence committed against the mother, and the cost and distance of travel, unsupervised visitation with the father in Hawaii is not in the children's best interests (*see e.g. Matter of Anaya v Hundley, supra; Matter of Simpson v Simrell*, 296 AD2d 621 [2002]). Thus, we award the father initially only supervised day visitation with the children in the state of New York.

Upon a balancing of the competing interests, the Family Court providently exercised its discretion in restricting the father from discussing any issues pertaining to his religion or philosophy with the subject children, particularly where the Law Guardian supported that restriction (*compare Stephanie L. v Benjamin L.*, 158 Misc 2d 665, 667 [1993]). Further, the Family Court properly directed that the father and the children engage in therapeutic visitation.

In light of our determination, we do not reach the father's remaining contention. Florio, J.P., Schmidt, Santucci and Lunn, JJ., concur.