■ AARON ROSENBERG, Appellant, v NANCY A. ROSENBERG, Also Known as NANCY SMITH ROSENBERG, Respondent. [845 NYS2d 371]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from (1) so much of a judgment of the Supreme Court, Queens County (Fitzmaurice, J.), dated May 5, 2006, as, after a nonjury trial, directed that his visitation with the parties' minor child shall be supervised visitation in a therapeutic program selected by the defendant for a minimum of three years, directed him to pay child support in the sum of $314 per week, to be increased to $327 per week after termination of his maintenance obligation, directed him to pay the child's extraordinary expenses, directed that each of the parties is entitled to 50% of the proceeds of the sale of the marital residence, and directed him to pay an attorney's fee to the defendant in the sum of $25,000, and (2) so much of an order of protection of the same court, also dated May 5, 2006, as directed that his visitation with the parties' minor child shall be supervised visitation in a therapeutic program selected by the defendant for a minimum of three years.

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provisions thereof directing that the plaintiff's visitation with the parties' minor child shall be supervised visitation in a therapeutic program selected by the defendant for a minimum of three years and directing him to pay child support in the sum of $314 per week, to be increased to $327 per week after termination of his maintenance obligation; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the issues of visitation and child support, before a different justice; and it is further,

Ordered that the order of protection dated May 5, 2006 is reversed insofar as appealed from, on the law, without costs or disbursements; and it is further,

Ordered that pending a new trial and determination thereafter, the temporary order of protection dated October 30, 2003 is reinstated and so much of the pendente lite order dated July 7, 2003, as directed the husband to pay child support in the amount of $1,150 per month is reinstated; and it is further,

Ordered that the Supreme Court shall, with all convenient speed, schedule a conference with the parties and the Law Guardian present and set an interim schedule of unsupervised visitation for the plaintiff with the parties' minor child, upon terms and conditions that the court may deem appropriate, pending a new trial and determination thereafter.

The parties were married in 1994 and have one child born in 2000. In May 2003 the defendant wife moved out of the marital residence with the child and the plaintiff husband commenced this action for a divorce and ancillary relief. The wife counterclaimed for divorce and sought custody of the child, equitable distribution, child support, and counsel fees. On October 16, 2003 the parties stipulated that the husband would have visitation with the child from Sunday mornings through Tuesday evenings and on Thursday evenings. This schedule was subsequently extended and remained in effect throughout the trial. After a nonjury trial, the Supreme Court awarded custody of the parties' child to the wife and directed, inter alia, that the husband shall have only supervised visitation for a minimum of three years.

In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and the Appellate Division may render the judgment it finds warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Sandy v Giusto*, 37 AD3d 584 [2007]).

"A parent's supervised visitation with a child is required only where it is shown that unsupervised visitation would be detrimental to the child" (*Matter of Powell v Blumenthal*, 35 AD3d 615, 616 [2006]). Here, the flaws in the husband's character and judgment cited by the Supreme Court as necessitating supervised visitation were known by the professionals involved in the case, yet not one witness or professional report mentioned concerns with the appropriateness of unsupervised visitation. Further, the child's close and loving relationship with her father was noted by three separate professionals.

By stipulation, throughout the trial the husband had visitations with the child from Sunday mornings through Tuesday evenings and on Thursday evenings. The forensic evaluator recommended that this schedule be continued and the Law Guardian took a similar position. Recommendations of court-appointed evaluators and the position of the Law Guardian are factors to be considered and are entitled to some weight, but are

not determinative (*see Matter of Fegadel v Anderson*, 40 AD3d 1091 [2007]; *Matter of Kozlowski v Mangialino*, 36 AD3d 916 [2007]; *Miller v Pipia*, 297 AD2d 362 [2002]; *Young v Young*, 212 AD2d 114, 118 [1995]). Moreover, the child's therapist of two years recommended one overnight visitation and two daytime visitations per week, with a possibility of increasing visitation as the child aged. Even the wife, who had opposed overnight visitation, did not seek supervised visitation.

Under these circumstances, the Supreme Court's determination to limit the husband's visitation with the child to supervised visitation in a therapeutic program selected by the wife for a minimum of three years was unsupported by the record and an improvident exercise of discretion (*cf. Matter of Elnatanova v Administration for Children's Servs.*, 34 AD3d 802 [2006]; *Matter of Anaya v Hundley*, 12 AD3d 594 [2004]; *Matter of Custer v Slater*, 2 AD3d 1227 [2003]; *Matter of Morgan v Sheevers*, 259 AD2d 619 [1999]). Accordingly, the matter must be remitted to the Supreme Court, Queens County, for a new trial on the issue of visitation.

The Supreme Court also erred in its computation of the husband's child support obligation. In determining a parent's child support obligation, a court need not rely upon the parent's own account of his or her finances, but may impute income based upon the parent's past income or demonstrated earning potential (*see Matter of Strella v Ferro*, 42 AD3d 544 [2007]). Trial courts are afforded considerable discretion in determining whether to impute income to a parent (*see Matter of Thompson v Perez*, 42 AD3d 503 [2007]). However, they must provide a clear record of the source of the imputed income, the reasons for such imputation, and the resultant calculations (*see Matter of Strella v Ferro*, 42 AD3d 544 [2007]; *Matter of Genender v Genender*, 40 AD3d 994 [2007]; *Matter of Kristy Helen T. v Richard F.G.*, 17 AD3d 684 [2005]).

The Supreme Court imputed income of $100,000 to the husband based on its finding that the husband lacked credibility regarding his finances and the earnings of his Web site business, his lifestyle, and the implication that he maintained some connection to his formerly owned bakery, which had been foreclosed upon and sold in 2004. The imputation of income for an ongoing connection with his former bakery was unsupported by the record and wholly speculative (*see Matter of Bianchi v Breakell*, 23 AD3d 947 [2005]; *Matter of Monroe County Dept. of Social Servs. v Bennett*, 178 AD2d 974 [1991]). However, since the Supreme Court failed to "specify the sources of income imputed, the actual dollar amount assigned to each category,

and the resultant calculations" (*Matter of Genender v Genender*, 40 AD3d 994, 995 [2007]), we are unable to determine what portion of the imputed income resulted from this error. Accordingly, the issue of child support must be remitted to the Supreme Court, Queens County, for a new determination.

The Supreme Court properly applied the provisions of the parties' antenuptial agreement in directing that each of the parties is entitled to 50% of the proceeds of the sale of the marital residence. Further, the Supreme Court providently exercised its discretion in directing the husband to pay an attorney's fee to the wife in the sum of $25,000 (*see* Domestic Relations Law § 237 [a] [1]; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879 [1987]; *Sevdinoglou v Sevdinoglou*, 40 AD3d 959 [2007]). Miller, J.P., Ritter, Santucci and Balkin, JJ., concur.