In the Matter of STEVEN J. BULLINGER, Respondent, v JENNIFER L. COSTA, Appellant. (Proceeding No. 1.) In the Matter of JENNIFER L. COSTA, Appellant, v STEVEN J. BULLINGER, Respondent. (Proceeding No. 2.) [880 NYS2d 336]—

In related child custody and visitation proceedings pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Suffolk County (Lynaugh, J.), dated November 17, 2008, as, after a hearing, granted that branch of the father's petition which was for unsupervised visitation with the child.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, that branch of the father's petition which was for unsupervised visitation is denied, and the matter is remitted to the Family Court, Suffolk County, to determine who shall supervise visitation and to set a visitation schedule, and for the entry of an amended order thereafter.

In these related child custody and visitation proceedings, the Family Court awarded the mother, who was never married to the father, custody of the subject child. The court also awarded the father regular, unsupervised visitation. The Family Court improvidently exercised its discretion in awarding the father unsupervised visitation with the subject child.

Supervised visitation is appropriately required only where it is established that unsupervised visitation would be detrimental

to the child (*see Cervera v Bressler,* 50 AD3d 837, 839 [2008]; *Rosenberg v Rosenberg,* 44 AD3d 1022, 1024 [2007]; *Matter of Powell v Blumenthal,* 35 AD3d 615, 616 [2006]). Given the totality of the circumstances (*see Eschbach v Eschbach,* 56 NY2d 167, 172 [1982]), including the young age of the child, the father's demonstrated inability to control his anger in the child's presence, his general disregard for the safety of others—including the child—during his violent fits of rage, and the evidence of his abuse of alcohol and possibly other substances, unsupervised visitation is not in the best interests of the child (*see Matter of Powell v Blumenthal,* 35 AD3d at 616-617; *Matter of Elnatanova v Administration for Children's Servs.,* 34 AD3d 802, 803 [2006]; *Matter of Anaya v Hundley,* 12 AD3d 594, 595 [2004]; *Matter of Simpson v Simrell,* 296 AD2d 621, 621-622 [2002]; *Matter of Morgan v Sheevers,* 259 AD2d 619, 620 [1999]). Fisher, J.P., Covello, Angiolillo and Leventhal, JJ., concur.