■ In the Matter of DONAHUE A. FRANCIS, Appellant, v SHERRY F. HOLDER, Respondent. [896 NYS2d 888]—In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Krauss, J.), dated September 17, 2008, which, after a hearing, awarded custody of the parties' child to the mother and, in effect, awarded him only supervised visitation.

Ordered that the order is affirmed, without costs or disbursements.

The determination of whether visitation should be supervised is a matter left to the Family Court's sound discretion, and its findings will not be disturbed on appeal unless they lack a sound basis in the record (*see Matter of Elnatanova v Administration for Children's Servs.*, 34 AD3d 802, 803 [2006]; *Matter of Rho v Rho*, 19 AD3d 605, 606 [2005]). Here, the Family Court's determination that supervised visitation would be in the child's best interests has a sound and substantial basis in the record (*see Matter of Smith v Roberts*, 67 AD3d 688 [2009], *lv denied* 13 NY3d 717 [2010]; *Matter of Berkham v Vessia*, 63 AD3d 1155, 1156 [2009]; *Matter of Elnatanova v Administration for Children's Servs.*, 34 AD3d 802 [2006]).

Contrary to the father's contention, the record establishes that, having discharged two appointed attorneys and insisting on proceeding pro se, he was aware of the dangers and disadvantages of proceeding without counsel and knowingly, voluntarily, and intelligently, waived his right to be represented (*cf. Matter of Jetter v Jetter*, 43 AD3d 821, 822 [2007]).

The father's remaining contentions are without merit. Fisher, J.P., Covello, Lott and Sgroi, JJ., concur.