In the Matter of BINONG XU, Respondent, v MARK SULLIVAN, Appellant. (Proceeding No. 1.) In the Matter of MARK SULLIVAN, Appellant, v BINONG XU, Respondent. (Proceeding No. 2.) In the Matter of BINONG XU, Respondent, v MARK SULLIVAN, Appellant. (Proceeding No. 3.) [936 NYS2d 569]

The father withdrew his petition for custody during the course of the hearing. Therefore, his contentions regarding an award of joint custody are not properly before this Court.

Although "[s]upervised visitation is appropriately required only where it is established that unsupervised visitation would be detrimental to the child" (*Matter of Bullinger v Costa*, 63 AD3d 735, 735-736 [2009]; *see Rosenberg v Rosenberg*, 44 AD3d 1022, 1024 [2007]; *Cervera v Bressler*, 50 AD3d 837, 839 [2008]), a determination as to whether visitation should be supervised is a matter left to the court's sound discretion, and its findings

will not be disturbed on appeal unless they lack a sound basis in the record (*see Matter of Lorraine D. v Widmack C.*, 79 AD3d 745, 745-746 [2010]; *Matter of Smith v Roberts*, 67 AD3d 688, 689 [2009]; *Cervera v Bressler*, 50 AD3d at 839). Here, the determination that visitation should be supervised was made after a hearing, and is supported by the evidence in the record, including expert opinion adduced after a forensic examination.

The parties' remaining contentions are without merit, or need not be addressed in light of our determination. Rivera, J.P., Roman, Sgroi and Cohen, JJ., concur.