In a proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Nassau County (LoPresti, Ct. Atty. Ref.), dated November 10, 2011, as, after a hearing, denied that branch of his petition which was to modify a prior order of the same court dated November 25, 2002, so as to award him unsupervised visitation.
Ordered that the order dated November 10, 2011, is affirmed insofar as appealed from, without costs or disbursements.
In his petition, the father sought, inter alia, to modify a prior order dated November 25, 2002, so as to award him unsupervised visitation with the subject child, but he did not request custody of the child. The father’s contention on appeal that the Family Court should have sua sponte modified the prior order so as to award him sole custody of the child is without merit. The father did not request such relief during the hearing and at no point did the Family Court indicate that a change in custody was an issue. Accordingly, it would have been improper for the Family Court to have modified the provision of the prior order regarding custody (see Matter of Terry I. v Barbara H., 69 AD3d 1146, 1149 [2010]; Matter of Adams v Bracci, 61 AD3d 1065, 1067 [2009]; Matter of Penninipede v Penninipede, 6 AD3d 445, 446 [2004]; Labanowski v Labanowski, 4 AD3d 690, 695 [2004]; cf. Matter of Heintz v Heintz, 28 AD3d 1154, 1155 [2006]).
*855 Additionally, the Family Court properly denied that branch of the petition which was to modify a prior order of visitation dated November 25, 2002, so as to award the father unsupervised visitation. The determination of whether visitation should be supervised is a matter left to the Family Court’s sound discretion, and its findings will not be disturbed on appeal unless they lack a sound and substantial basis in the record (see Matter of Binong Xu v Sullivan, 91 AD3d 771, 771-772 [2012]; Cervera v Bressler, 50 AD3d 837, 839 [2008]; Matter of Rho v Rho, 19 AD3d 605 [2005]). Here, given the totality of the circumstances, unsupervised visitation is not in the child’s best interests (see Matter of Bullinger v Costa, 63 AD3d 735, 736 [2009]; Matter of Powell v Blumenthal, 35 AD3d 615, 616-617 [2006]; Matter of Abranko v Vargas, 26 AD3d 490, 491 [2006]).
The parties’ remaining contentions are without merit. Rivera, J.E, Angiolillo, Chambers and Roman, JJ., concur.