■ In the Matter of WILLIAM L. STERLING, Respondent, v DOROTHY SILVA, Appellant. [1 NYS3d 327]—

Appeal from stated portions of an order of the Family Court, Westchester County (Hal. B. Greenwald, J.), dated October 2, 2013. The order, inter alia, modified a prior order of joint custody so as to award sole custody of the subject child to the father, and modified the mother's visitation with the child.

Ordered that the order is affirmed insofar as appealed from, with costs.

In this custody and visitation proceeding pursuant to Family Court Act article 6, a sound and substantial basis exists in the record for the Family Court's determination that the relationship between the parties has become so antagonistic that they are unable to cooperate on decisions regarding the subject child,

and that it is in the best interests of the child for the father to have sole custody (*see Matter of Conway v Conway*, 89 AD3d 936 [2011]; *Matter of Nell v Nell*, 87 AD3d 541 [2011]).

Further, the "determination of visitation is within the sound discretion of the trial court based upon the best interests of the child, and its determination will not be set aside unless it lacks a sound and substantial basis in the record" (*Matter of Lane v Lane*, 68 AD3d 995, 997 [2009]; *see Matter of Torres v Ojeda*, 108 AD3d 570, 570-571 [2013]). Contrary to the mother's contention, the Family Court's determination that it was in the subject child's best interests to modify the mother's visitation schedule with the child has a sound and substantial basis in the record. Accordingly, we find no basis to disturb it (*see Matter of Boggio v Boggio*, 96 AD3d 834, 835 [2012]; cf. *Matter of Samia Z.*, 297 AD2d 385 [2002]).

The mother's remaining contention is without merit. Balkin, J.P., Chambers, Hinds-Radix and Maltese, JJ., concur.