■ In the Matter of GREGORY BLAZEK, Appellant, v HALEY ZAVELO, Respondent. [6 NYS3d 612]—

Appeal from stated portions of an order of the Family Court, Queens County (Craig Ramseur, Ct. Atty. Ref.), dated April 3, 2014. The order, after a hearing, inter alia, modified a prior order of custody and visitation so as to award the mother three weeks of summer visitation with the subject children.

Ordered that the order is modified, on the facts and in the exercise of discretion, by adding a provision thereto directing that the mother's three weeks of summer visitation with the children occur in the State of New York; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

A determination of visitation is within the sound discretion of the trial court, based upon the best interests of the child, and its determination will not be set aside unless it lacks a sound and substantial basis in the record (*see Matter of Sterling v Silva*, 124 AD3d 669 [2015]; *Matter of Morgan v Sheevers*, 259 AD2d 619 [1999]). "Visitation is a joint right of the noncustodial parent and of the child" (*Weiss v Weiss*, 52 NY2d 170, 175 [1981]; *see Cervera v Bressler*, 50 AD3d 837, 839 [2008]), and "the best interests of a child lie in his [or her] being nurtured and guided by both of his [or her] parents" (*Daghir v Daghir*, 82 AD2d 191, 193 [1981], *affd* 56 NY2d 938 [1982]; *see Cervera v Bressler*, 50 AD3d at 839; *Matter of Gerald D. v Lucille S.*, 188 AD2d 650 [1992]). "Absent extraordinary circumstances, where visitation would be detrimental to the child's well-being, a noncustodial parent has a right to reasonable visitation privileges" (*Matter of Rodriguez v Silva*, 121 AD3d 794, 795 [2014] [internal quotation marks omitted]; *see Pollack v Pollack*, 56 AD3d 637 [2008]; *Twersky v Twersky*, 103 AD2d 775 [1984]). "Supervised visitation is appropriately required only where it is established that unsupervised visita-

tion would be detrimental to the child" (*Irizarry v Irizarry*, 115 AD3d 913, 914 [2014]; *see Matter of Bullinger v Costa*, 63 AD3d 735 [2009]; *Rosenberg v Rosenberg*, 44 AD3d 1022 [2007]; *Matter of Powell v Blumenthal*, 35 AD3d 615 [2006]).

Here, contrary to the contentions of the father and the attorney for the children, there is nothing in the record to warrant supervision of the mother's visitation with the subject children (*see Irizarry v Irizarry*, 115 AD3d at 915; *Rosenberg v Rosenberg*, 44 AD3d at 1024; *cf. Matter of Colter v Baker*, 104 AD3d 850 [2013]; *Matter of Bullinger v Costa*, 63 AD3d at 736). While the children's preference and the position of the attorney for the children are factors to be considered and are entitled to some weight, they are not determinative and do not usurp the judgment of the trial judge (*see Dintruff v McGreevy*, 34 NY2d 887 [1974]; *Matter of Shannon J. v Aaron P.*, 111 AD3d 829, 831 [2013]; *Baker v Baker*, 66 AD3d 722 [2009]).

However, under the circumstances of this case, the Family Court should have granted that branch of the father's petition which was to require the mother's three weeks of summer visitation to occur only in the State of New York (*cf. Matter of Powell v Blumenthal*, 35 AD3d at 617). Mastro, J.P., Leventhal, Maltese and Duffy, JJ., concur.