■ In the Matter of WILLIAM DAVIS III, Appellant, v LATAYE MARIE ASHE, Respondent. (Proceeding No. 1.) In the Matter of LATAYE ASHE, Respondent, v WILLIAM DAVIS III, Appellant. (Proceeding No. 2.) [54 NYS3d 314]—

Appeal by the father from an order of the Family Court, Dutchess County (Denise M. Watson, J.), entered September 15, 2016. The order, insofar as appealed from, after a hearing, in effect, denied the father's petition alleging violations of prior orders of custody and visitation of that court dated June 27, 2014, and November 10, 2014, respectively, and granted that branch of the mother's petition which was, in effect, to modify those same orders by changing the father's four-week summer parenting time to two separate two-week periods of parenting time.

Ordered that the order entered September 15, 2016, is affirmed insofar as appealed from, without costs or disbursements.

The parties, who were never married, have two children, born in 2002 and 2004. In 2006, on the parties' consent, the Family Court issued an order awarding primary physical custody of the children to the mother with regularly scheduled parenting time to the father. Thereafter, the parties consented to a modified order of custody and visitation dated June 27, 2014, which was further modified, on the parties' consent, by an order of custody and visitation dated November 10, 2014, into which all of the terms of the order of custody and visitation dated June 27, 2014, were incorporated.

In August 2015, the father filed two petitions, one of which alleged violations of the June 2014 and November 2014 orders of custody and visitation. Thereafter, the mother filed her own petition, inter alia, in effect, to modify the orders of custody

and visitation by changing the father's four-week summer parenting time to two separate two-week periods of parenting time. After conducting a hearing on the petitions and interviewing the children in camera on two separate occasions, the Family Court, inter alia, denied the father's violation petition and granted that branch of the mother's petition which was, in effect, to modify the orders of custody and visitation by changing the father's four-week summer parenting time to two separate two-week visits.

The Family Court properly denied the father's violation petition, as he did not present clear and convincing evidence that the mother had violated the orders of custody and visitation. Instead, the evidence demonstrated that the father remained a constant and involved presence in his children's lives, and that the mother had not interfered with his scheduled parenting time (*see e.g. Matter of Sinnott-Turner v Kolba*, 60 AD3d 774, 776 [2009]).

Moreover, "[a] determination of visitation is within the sound discretion of the [hearing] court, based upon the best interests of the child, and its determination will not be set aside unless it lacks a sound and substantial basis in the record" (*Matter of Blazek v Zavelo*, 127 AD3d 854, 854 [2015]). Here, the Family Court's modification of the orders of custody and visitation by changing the father's four-week summer parenting time to two separate two-week periods has a sound and substantial basis in the record and will not be disturbed (*see Matter of Sterling v Silva*, 124 AD3d 669, 670 [2015]). Dillon, J.P., Austin, Roman and Cohen, JJ., concur.