Appeal from an order of the Family Court, Westchester County (Michelle I. Schauer, J.), entered July 15, 2016. The order, inter alia, after a hearing, granted the mother’s petition for sole custody of the parties’ children, with supervised visitation to the father, and, in effect, denied the father’s petition for sole custody of the children.
 

 Ordered that the order is affirmed, without costs or disbursements.
 

 The parties have two children together, a son born in May 2010 and a daughter born in October 2012. The parties were never married, but lived together when the children were born, and separated during the fall of 2013.
 

 The mother filed a petition for sole custody of the children in November 2014, and the father filed a petition for sole custody of the children in January 2015. Through a series of temporary orders, the children remained in the custody of the mother and had supervised visitation with the father, until a fact-finding hearing was held in December 2015 and March 2016. By order dated July 15, 2016, the Family Court granted the mother’s petition for sole custody of the children, with supervised visitation to the father, and, in effect, denied the father’s petition for sole custody of the children. The father appeals.
 

 The issues raised by the father regarding the temporary orders of visitation granting him supervised visitation with the children are academic. The temporary orders of visitation are no longer of any effect, and any alleged defect in those orders does not render defective the final order of custody and visitation, which was based upon a full and fair hearing (see Matter of Yehudah v Yehudah, 144 AD3d 1046, 1046 [2016]; Matter of Kirkpatrick v Kirkpatrick, 137 AD3d 1695, 1695 [2016]; Matter of Chamas v Carino, 119 AD3d 564, 565 [2014]; Matter of Ramirez v Velez, 78 AD3d 1062, 1062-1063 [2010]).
 

 “The paramount concern in any custody or visitation determination is the best interests of the child, under the totality of the circumstances” (Matter of Boggio v Boggio, 96 AD3d 834, 835 [2012]; see Matter of Wilson v McGlinchey, 2 NY3d 375, 380-381 [2004]; Eschbach v Eschbach, 56 NY2d 167, 171 [1982]). Although “Supervised visitation is appropriately required only where it is established that unsupervised visitation would be detrimental to the child” (Matter of Bullinger v Costa, 63 AD3d 735, 735-736 [2009]; see Rosenberg v Rosenberg, 44 AD3d 1022, 1024 [2007]), “[t]he determination of whether visitation should be supervised is a matter left to the court’s sound discretion, and its findings will not be disturbed on appeal unless they lack a sound and substantial basis in the record” (Matter of Gooler v Gooler, 107 AD3d 712, 713 [2013]; see Matter of Binong Xu v Sullivan, 91 AD3d 771, 771-772 [2012]).
 

 The evidence presented at the hearing supports the Family Court’s determination that the father refused to obtain appropriate treatment for his mental health issues, displayed extreme negativity toward the mother, would not be able to foster a loving relationship between the children and the mother, and lacked insight into how his behavior in front of the children was harmful to them (see Matter of Tecza v Alija, 138 AD3d 872 [2016]; Matter of Bonet v Bonet, 121 AD3d 978, 978 [2014]; Matter of Howard E.I. v Sandra I., 108 AD3d 715 [2013]; Matter of Colter v Baker, 104 AD3d 850, 850 [2013]; Matter of Berkham v Vessia, 63 AD3d 1155, 1156 [2009]; Matter of Anderson v Sparks, 18 AD3d 656, 657 [2005]). Consequently, the court’s determination to award sole custody to the mother and supervised visitation to the father, which was consistent with the opinion of the court-appointed forensic expert and the position of the attorney for the children, has a sound and substantial basis in the record and will not be disturbed.
 

 Balkin, J.P., Hall, Hinds-Radix and Christopher, JJ., concur.