Reilly v Hager-Reilly (2018 NY Slip Op 07767)





Reilly v Hager-Reilly


2018 NY Slip Op 07767


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2017-09798
2017-09801
 (Index No. 959/16)

[*1]Thomas Reilly, respondent, 
v
Cheryl Lynn Hager- Reilly, appellant.


Hegge & Confusione, LLC, New York, NY (Michael Confusione of counsel), for appellant.
Rubin & Rosenblum, PLLC, Melville, NY (Gayle R. Rosenblum of counsel), for respondent.
Arza Feldman, Uniondale, NY, attorney for the child.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from (1) a judgment of divorce of the Supreme Court, Suffolk County (John Iliou, J.), dated August 22, 2017, and (2) an order of the same court dated August 24, 2017. The judgment, insofar as appealed from, upon a decision of the same court dated May 31, 2017, made after a nonjury trial, awarded the plaintiff sole legal and residential custody of the parties' child and awarded the defendant supervised parental access with the child.
ORDERED that the appeal from the order dated August 24, 2017, is dismissed as abandoned; and it is further,
ORDERED that the judgment of divorce is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The parties were married in 2008, and have one child in common. The plaintiff commenced this action for a divorce and ancillary relief in 2016. Following trial, a judgment of divorce dated August 22, 2017, was entered, which, inter alia, awarded sole legal and residential custody of the parties' child to the plaintiff and supervised parental access to the defendant. The defendant appeals from the judgment of divorce, and from an order dated August 24, 2017.
The defendant's appeal from the order dated August 24, 2017, must be dismissed as abandoned, since her appellant brief neither sets forth any argument regarding her appeal from that order, nor requests reversal or modification of any portion of that order (see Scheriff v Scheriff, 152 AD3d 724, 725).
"In adjudicating custody and [parental access] rights, the court's paramount concern [*2]is the best interests of the [child]" (Iacono v Iacono, 117 AD3d 988, 988; see Eschbach v Eschbach, 56 NY2d 167, 171; Friederwitzer v Friederwitzer, 55 NY2d 89, 94; Matter of Levingart v Levingart, 147 AD3d 763, 764). In determining the child's best interests, a court must consider the totality of the circumstances, including, among other things, the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent (see Matter of Andrade v Salvador, 160 AD3d 826, 827; Matter of Stokes v Stokes, 154 AD3d 952, 953). "Absent exceptional circumstances, some form of [parental access] with the noncustodial parent is always appropriate" (Matter of Burgess v Burgess, 99 AD3d 797, 798 [internal quotation marks omitted]). However, supervised parental access is appropriate where it is established that unsupervised parental access would be detrimental to the child (see Matter of Watson v Maragh, 156 AD3d 801, 802; Matter of Powell v Blumenthal, 35 AD3d 615, 616).
Determinations related to custody and parental access depend to a great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties. The court's credibility findings will be accorded great weight and the court's custody and parental access determinations will not be disturbed unless they lack a sound and substantial basis in the record (see Lashlee v Lashlee, 161 AD3d 843, 843; Hogan v Hogan, 159 AD3d 679, 681; Bixler v Vitrano, 155 AD3d 718, 720).
Here, the Supreme Court's determination that the child's best interests would be served by awarding sole legal and residential custody to the plaintiff has a sound and substantial basis in the record and will not be disturbed. Further, the court's determination that awarding the defendant supervised parental access with the child would be in the child's best interests has a sound and substantial basis in the record and, likewise, will not be disturbed.
There was evidence in the record of, among other things, the defendant's interference with the child's relationship with the plaintiff, as well as the defendant's lack of appropriate judgment in many of her decisions regarding the child, including allowing the defendant's obsession with the child's acting career to take precedence over the child's attendance at school, causing the child to miss a significant number of days at school, despite indications that the child was struggling in various areas of her education. Additionally, in a one-year period, the defendant called the police a dozen times regarding the plaintiff, without sufficient reason, often while the child was present, one of those times being while the child was at an award ceremony at a sibling's school. Moreover, the psychiatric evaluation of the defendant revealed that the defendant acts erratically, in ways affecting her ability to competently parent the child, that she is "decompensating," and that while she suffers from mental illness, she rejects treatment.
MASTRO, J.P., COHEN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court