Amira v Amira (2020 NY Slip Op 04287)





Amira v Amira


2020 NY Slip Op 04287


Decided on July 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2019-05063
 (Index No. 51776/18)

[*1]Eliyahu Amira, plaintiff,
v
Lanit Amira, defendant-respondent; Ben Tzion A. (Anonymous), et al., nonparty-appellants.


Karen P. Simmons, Brooklyn, NY (Janet Neustaetter, Louise Feld, and Laura Diewald of counsel), attorney for the children, the nonparty-appellants.



DECISION & ORDER
In an action for a divorce and ancillary relief and related proceedings, inter alia, pursuant to Family Court Act article 8, the children appeal, by permission, from an order of the Supreme Court, Kings County (IDV Part) (Esther M. Morgenstern, J.), dated May 7, 2019. The order, insofar as appealed from, awarded the mother alternate weekend parental access with the children, to be supervised by the maternal grandparents. By decision and order on motion dated June 14, 2019, this Court granted the children's motion, inter alia, to stay enforcement of the order dated May 7, 2019, pending hearing and determination of the appeal.
ORDERED that the order dated May 7, 2019, is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County (IDV Part), for further proceedings consistent herewith; and it is further,
ORDERED that pending a new determination on the mother's parental access with the children, and the entry of an order thereafter, the parental access provisions as set forth in an order of the Supreme Court, Kings County (IDV Part), dated March 7, 2019, shall remain in effect.
The parties were married in 2012. They are the parents of two children, born in 2013 and 2015, respectively. In April 2018, the father commenced an action for a divorce and ancillary relief. Thereafter, both parties filed family offense petitions and petitions for custody of the children. In January 2019, the divorce action was transferred to the Integrated Domestic Violence (IDV) part of the Supreme Court to be heard with the family offense and custody proceedings.
In an order dated March 7, 2019, the Supreme Court awarded the father temporary custody of the children and awarded the mother supervised parental access to occur at a designated agency for a period of 45 minutes per week. Thereafter, in an order dated May 7, 2019, the court, inter alia, awarded the mother alternate weekend parental access with the children, to be supervised by the maternal grandparents. By decision and order on motion dated June 14, 2019, this Court granted the children's motion, inter alia, to stay enforcement of the order dated May 7, 2019, pending hearing and determination of the appeal.
"The paramount concern in any custody or [parental access] determination is the best interests of the child[ren], under the totality of the circumstances" (Matter of Mendez v Limas, 160 AD3d 866, 867; see Matter of Daclin-Goyatton v Cousins, 172 AD3d 1369). A determination with respect to parental access, including whether it should be supervised, is within the sound discretion of the trial court (see Matter of Valentin v Valentin, 176 AD3d 1083, 1084). Supervised parental access is appropriately required only where it is established that unsupervised parental access would be detrimental to the child (see Matter of Gainza v Gainza, 24 AD3d 551, 551; see also Rosenberg v Rosenberg, 44 AD3d 1022, 1024). When exercising its discretion to designate a supervisor for parental access, the court must ensure that the children will receive appropriate and responsible supervision (see Matter of Carl KK. v Michelle JJ., 162 AD3d 1273, 1275; Matter of Taylor v Fry, 47 AD3d 1130, 1132; Matter of Anaya v Hundley, 12 AD3d 594, 596).
Here, the Supreme Court improvidently exercised its discretion in awarding the mother alternate weekend parental access with the children, to be supervised by the maternal grandparents. The court did not adequately ascertain whether the maternal grandparents were able and willing to supervise the mother's expanded parental access with the children during alternate weekends (see Matter of Anaya v Hundley, 12 AD3d at 595-596). The court failed to ensure that the children will receive appropriate and responsible supervision by the maternal grandparents during the parental access with the mother (see id. at 596). Accordingly, this matter must be remitted to the Supreme Court, Kings County (IDV Part), for a new determination on the mother's parental access with the children, consistent with the children's best interests, and the entry of an order thereafter.
RIVERA, J.P., LEVENTHAL, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court