Agulnick v Agulnick (2020 NY Slip Op 07333)





Agulnick v Agulnick


2020 NY Slip Op 07333


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2019-00764
2019-00765
 (Index No. 202374/18)

[*1]Marc Agulnick, appellant,
v
Adrienne Agulnick, respondent.


Law Offices of Kenneth J. Weinstein, P.C., Garden City, NY (Kenneth J. Weinstein and Rosenberg Calica & Birney LLP [Judah Serfaty] of counsel), for appellant.
Sunshine & Feinstein, LLP, Garden City, NY (Joel Sunshine of counsel), for respondent.
Debra Bloom, Plainview, NY, attorney for the children.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Thomas Rademaker, J.), entered January 15, 2019, and (2) an order of protection of the same court dated December 13, 2018. The order entered January 15, 2019, insofar as appealed from, after a hearing, directed that the parties share temporary joint legal custody of their children, and that the defendant have unsupervised parental access with the children. The order of protection dated December 13, 2018, directed that the defendant stay away from the plaintiff and the children only while the defendant was under the influence of alcohol. By decision and order on motion dated February 8, 2019, this Court granted that branch of the plaintiff's motion which was to stay enforcement of the entered January 15, 2019, and the order of protection dated December 13, 2018, pending hearing and determination of the appeals.
ORDERED that the order entered January 15, 2019, is modified, on the facts, by adding a provision thereto directing that in the event the parties are unable to agree on any medical, educational, or therapeutic issue involving any of the children, after consulting with each other in good faith, the plaintiff shall have final decision-making authority on such issue; as so modified, the order entered January 15, 2019, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the order of protection dated December 13, 2018, is affirmed, without costs or disbursements.
The parties, Marc Agulnick (hereinafter the father) and Adrienne Agulnick (hereinafter the mother), were married in July 2004 and are the parents of three children, presently aged 14, 10, and 4 years old. In October 2018, the father commenced this action for a divorce and ancillary relief, including sole custody of the children. In late 2018, an evidentiary hearing was held on multiple days on the issues of temporary custody and parental access. On December 13, 2018, [*2]the Supreme Court placed its decision on the record and so-ordered the transcript (hereinafter the order), which was entered January 15, 2019. The father now appeals from the order, as well as from a related order of protection also issued on December 13, 2018.
"The paramount concern in any custody or [parental access] determination is the best interests of the child, under the totality of the circumstances" (Matter of Boggio v Boggio, 96 AD3d 834, 835; see Matter of Wilson v McGlinchey, 2 NY3d 375, 380-381; Eschbach v Eschbach, 56 NY2d 167, 171). Since custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded to the trial court's findings, and such findings will not be disturbed unless they lack a sound and substantial basis in the record (see Matter of Harry v Harry, 92 AD3d 883, 884; Haggerty v Haggerty, 78 AD3d 998, 999; Matter of Otero v Nieves, 77 AD3d 756, 756-757; Matter of Conforti v Conforti, 46 AD3d 877, 877-878). Here, the Supreme Court's determination that the children's best interests would be served by awarding temporary joint legal custody to the parties has a sound and substantial basis in the record and will not be disturbed (see Matter of Gasby v Chung, 88 AD3d 709, 709-710; Matter of Quinones v Gonzalez, 79 AD3d 893).
However, under the circumstances of this case, the Supreme Court should have also directed that in the event the parties are unable to agree on any medical, educational, or therapeutic issue involving any of the children, after consulting with each other in good faith, the father shall have final decision-making authority on such issue. We note that the final resolution of custody and parental access, including the issue of decision-making authority, shall be determined by the trial judge.
The Supreme Court providently exercised its discretion in directing that the mother's parental access with the children be unsupervised, and in issuing an order of protection directing that the mother stay away from the father and the parties' children only while under the influence of alcohol. The determination of whether parental access should be supervised is a matter left to the hearing court's sound discretion, and its findings will not be disturbed on appeal unless they lack a sound and substantial basis in the record (see Matter of Valentin v Valentin, 176 AD3d 1083; Matter of Binong Xu v Sullivan, 91 AD3d 771; Cervera v Bressler, 50 AD3d 837, 839). Here, viewing the totality of the circumstances, the record demonstrates that unsupervised parental access would not be detrimental to the children (see Matter of Gainza v Gainza, 24 AD3d 551; see also Rosenberg v Rosenberg, 44 AD3d 1022). Furthermore, the Supreme Court, rather than directing that the mother's parental access be supervised, providently exercised its discretion in issuing an order of protection directing that the mother stay away from the father and their children while under the influence of alcohol.
The father's contention that the Supreme Court exhibited bias against him during the hearing is unpreserved for appellate review (see Matter of Kimberly Z. [Jason Z.], 88 AD3d 1181). In any event, when a claim of bias is raised, the "'inquiry on appeal is limited to whether the judge's bias, if any, unjustly affected the result to the detriment of the complaining party'" (Matter of Davis v Pignataro, 97 AD3d 677, 678; quoting Schwartzberg v Kingsbridge Hgts. Care Ctr., Inc., 28 AD3d 465, 466). Here, the record establishes that the court treated the parties fairly, made appropriate evidentiary rulings, and did not have a predetermined outcome of the case in mind during the proceedings (see Matter of Davis v Pignataro, 97 AD3d at 678; Hoey v Rawlings, 51 AD3d 868, 869).
DILLON, J.P., LEVENTHAL, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court