Matter of Fernandez (2021 NY Slip Op 03178)





Matter of Fernandez


2021 NY Slip Op 03178


Decided on May 19, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-12700
 (Docket Nos. V-5318-18, V-3560-19)

[*1]In the Matter of Franchesca Fernandez, respondent, Tanique Harrell, appellant. (Proceeding No. 1)
In the Matter of Tanique Harrell, appellant,
and Franchesca Fernandez, respondent. (Proceeding No. 2)


Susan A. DeNatale, Bayport, NY, for appellant.
Abbe C. Shapiro, Mount Sinai, NY, for respondent.
Thomas W. McNally, Huntington, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Heather P.S. James, Ct. Atty. Ref.), dated October 2, 2019. The order, insofar as appealed from, after a hearing, granted the father's petition, in effect, for parental access with the child only to the extent of awarding him supervised parental access with the child.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties, who were never married, are the parents of a child, born in May 2017. In April 2018, the mother filed a petition seeking custody of the child. Upon the father's default, the Family Court issued an order awarding the mother sole custody of the child, omitting any provision awarding parental access to the father. The father then moved to vacate the default order and filed a petition seeking, in effect, parental access with the child. Following a hearing at which the court heard testimony from both parents, the court, among other things, granted the father's petition only to the extent of awarding him supervised parental access with the child. The father appeals.
"The paramount concern in any custody or [parental access] determination is the best interests of the child, under the totality of the circumstances" (Agulnick v Agulnick, 189 AD3d 956, 957 [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d 167, 171; Reilly v Hager-Reilly, 166 AD3d 825, 826). "Absent exceptional circumstances, some form of [parental access] with the noncustodial parent is always appropriate" (Matter of Burgess v Burgess, 99 AD3d 797, 798 [internal quotation marks omitted]; see Matter of Reilly v Hager-Reilly, 166 AD3d at 826-827). "However, supervised parental access is appropriate where it is established that unsupervised parental access would be detrimental to the child" (Matter of Reilly v Hager-Reilly, 166 AD3d at [*2]827; see Matter of Watson v Maragh, 156 AD3d 801, 802; Matter of Powell v Blumenthal, 35 AD3d 615, 616).
Determinations related to custody and parental access depend to a great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties (see Matter of Reilly v Hager-Reilly, 166 AD3d at 827). Accordingly, "[t]he determination of whether [parental access] should be supervised is a matter left to the court's sound discretion, and its findings will not be disturbed on appeal unless they lack a sound and substantial basis in the record" (Matter of Gooler v Gooler, 107 AD3d 712, 713; see Matter of Binong Xu v Sullivan, 91 AD3d 771, 771-772).
Here, the Family Court providently exercised its discretion in directing that the father's parental access with the child be supervised (see Matter of Colter v Baker, 104 AD3d 850, 850; Matter of Bullinger v Costa, 63 AD3d 735, 735-736; Matter of Anaya v Hundley, 12 AD3d 594, 595). Given the totality of the circumstances, the court properly determined that unsupervised parental access with the father at the present time would not be in the child's best interests (see Matter of Colter v Baker, 104 AD3d at 850; Matter of Bullinger v Costa, 63 AD3d at 735-736; Matter of Anaya v Hundley, 12 AD3d at 595).
MILLER, J.P., LASALLE, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court