Matter of Farouz v Faltas (2020 NY Slip Op 00592)





Matter of Farouz v Faltas


2020 NY Slip Op 00592


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2018-13708
 (Docket No. V-4785-14/18J)

[*1]In the Matter of Gihan Farouz, appellant,
v
Nabil Faltas, respondent.


Etta Ibok, Brooklyn, NY, for appellant.
Linda C. Braunsberg, Staten Island, NY, for respondent.
Scott M. Schwartz, Staten Island, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to article 6 of the Family Court Act, the mother appeals from an order of the Family Court, Richmond County (Peter Fuller De Lizzo, J.), dated October 24, 2018. The order, after a hearing, in effect, granted the father's motion, made at the close of the mother's case, to dismiss the mother's petition to modify an order of custody dated December 15, 2015, for failure to establish a prima facie case, and dismissed the petition.
ORDERED that the order is reversed, on the law, without costs or disbursements, the father's motion to dismiss the petition is denied, the petition is reinstated, and the matter is remitted to the Family Court, Richmond County, for further proceedings consistent herewith.
The parties, who were divorced in 2013, are the parents of one child born in 2007. Pursuant to a judgment of divorce, the mother was awarded physical custody of the child. By order on consent dated December 15, 2015, the father was awarded physical custody of the child, and the mother was awarded parental access (hereinafter the December 2015 order). In April 2018, the mother filed a petition to modify the December 2015 order so as to award her physical custody of the child. At a hearing on her petition, the mother testified, and the Family Court conducted an in camera interview of the child, who was 11 years old at that time. At the close of the mother's case, the father moved to dismiss the petition on the ground that the mother failed to establish a prima facie case of a change of circumstances. The court reserved decision and did not take any further testimony. Thereafter, in an order dated October 24, 2018, the court, in effect, granted the father's motion and dismissed the mother's petition. The mother appeals.
An order of custody or parental access may be modified only upon a showing that there has been a subsequent change of circumstances such that modification is required to ensure the best interests of the child (see Matter of Newton v McFarlane, 174 AD3d 67, 76; Matter of Bacchus v McGregor, 147 AD3d 1049, 1050). "The best interests of the child are determined by a review of the totality of the circumstances" (Matter of Gonzalez v Santiago, 167 AD3d 885, 887). "In deciding a motion to dismiss a petition for failure to establish a prima facie case, the court must accept the petitioner's evidence as true and afford the petitioner the benefit of every favorable inference that can reasonably be drawn therefrom" (Matter of Bacchus v McGregor, 147 AD3d at 1050).
Here, accepting the mother's testimony as true and affording her the benefit of every favorable inference, the mother presented sufficient evidence to establish a prima facie case of a change of circumstances which might warrant modification of custody in the best interests of the child (see Matter of Morales v Goicochea, 175 AD3d 1294, 1295; Matter of Gonzalez v Santiago, 167 AD3d at 887; Matter of Ruiz v Travis, 84 AD3d 1242, 1243). At the hearing, the mother testified, consistent with the allegations in her petition, that there had been a change in circumstances inasmuch as she had obtained suitable housing, was steadily employed, and had acquired a vehicle. The mother further testified that the father's wife physically abused the child. That testimony, coupled with information derived from the in camera interview, was sufficient to warrant a full inquiry into what custody arrangement would be in the child's best interests (see Matter of Morales v Goicochea, 175 AD3d at 1295-1296; Matter of Gonzalez v Santiago, 167 AD3d at 887; Matter of Ruiz v Travis, 84 AD3d at 1243). Accordingly, we disagree with the Family Court's determination, in effect, granting the father's motion to dismiss the mother's petition, and remit the matter to the Family Court, Richmond County, for a continued hearing on the mother's petition to modify the December 2015 order.
In light of our determination, we need not reach the mother's remaining contentions.
DILLON, J.P., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court