Matter of Kates v Simpson (2020 NY Slip Op 01345)





Matter of Kates v Simpson


2020 NY Slip Op 01345


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
ROBERT J. MILLER
BETSY BARROS, JJ.


2019-05488
 (Docket No. V-7796-17)

[*1]In the Matter of Patricia Kates, respondent,
v
Dexter Simpson, appellant.


Steven P. Forbes, Jamaica, NY, for appellant.
Towers & Associates, P.C., Brooklyn, NY (Geanine Towers of counsel), for respondent.
Karen P. Simmons, Brooklyn, NY (Laura Solecki and Janet Neustaetter of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Nisha Menon, Ct. Atty. Ref.), dated April 16, 2019. The order, after a hearing, granted the mother's petition to modify a prior order of custody dated July 28, 2016, so as to award her sole legal and residential custody of the parties' child and to permit her to relocate the child to Georgia.
ORDERED that the order dated April 16, 2019, is affirmed, without costs or disbursements.
The mother and the father are the parents of one child born in 2006. In 2016, following the execution of a stipulation between the parties, the Family Court issued an order dated July 28, 2016, awarding sole legal and residential custody of the child to the father. On March 9, 2017, the mother filed a petition seeking to modify the prior order of custody so as to award her sole legal and residential custody of the child and to permit her to relocate the child to Georgia. After a hearing, the court granted the mother's petition. The father appeals.
To modify an existing custody order, there must be a showing of a change in circumstances such that modification is necessary to ensure the continued best interests of the child (see Matter of Newton v McFarlane, 174 AD3d 67; Matter of Riedel v Riedel, 61 AD3d 979), under the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 172).
A request to relocate a child constitutes a change in circumstances, requiring the parent seeking to move to demonstrate that relocating the child is in the child's best interests (see Matter of Dockery v Reid-O'Garro, 161 AD3d 1147, 1148; Martin v Martin, 139 AD3d 916, 917-918; Matter of Adams v Bracci, 91 AD3d 1046, 1047). In considering the issue of relocation, "the courts should be free to consider and give appropriate weight to all of the factors that may be relevant to the determination. These factors include, but are certainly not limited to each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's [*2]future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (Matter of Tropea v Tropea, 87 NY2d 727, 740-741). "[N]o single factor should be treated as dispositive or given such disproportionate weight as to predetermine the outcome" (Matter of Tropea v Tropea, 87 NY2d at 738).
Since weighing the factors relevant to any custody determination depends to a great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties, its findings are generally accorded great respect and will not be disturbed unless they lack a sound and substantial basis in the record (see Matter of Bartholomew v Marano, 174 AD3d 893, 894; Weisberger v Weisberger, 154 AD3d 41, 51). Similarly, the court's determination as to relocation must be supported by a sound and substantial basis in the record (see Matter of Doyle v Debe, 120 AD3d 676, 680).
Here, there was a sound and substantial basis for the Family Court's determination that changed circumstances justified awarding the mother sole legal and residential custody of the child and permission to relocate the child to Georgia, and that such modification of the prior order of custody was in the best interests of the child (see Matter of Hall v Hall, 118 AD3d 879, 882-883; Matter of Davis v Ogden, 109 AD3d 539).
The father's remaining contentions are without merit.
RIVERA, J.P., DILLON, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court