Matter of Lynch v Fittipaldi-Lynch (2020 NY Slip Op 02792)





Matter of Lynch v Fittipaldi-Lynch


2020 NY Slip Op 02792


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2019-03772
 (Docket No. V-478-18)

[*1]In the Matter of Thomas Peter Lynch, respondent,
v
Maria Lynn Rose Fittipaldi-Lynch, appellant.


Salvatore C. Adamo, New York, NY, for appellant.
Elias Steven Gootzeit, Mount Vernon, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Putnam County (James T. Rooney, J.), dated March 13, 2019. The order, insofar as appealed from, after a hearing, granted the father's petition to modify the parental access provisions set forth in the parties' so-ordered stipulation dated December 17, 2015, so as to limit the mother to supervised parental access.
ORDERED that the order dated March 13, 2019, is affirmed insofar as appealed from, without costs or disbursements.
The parties were married and have one child, born in 2006. In 2012, the parties entered into a separation agreement, and later that year a judgment of divorce was entered in Massachusetts dissolving the parties' marriage. On December 17, 2015, the parties entered into a stipulation, which was so-ordered by the Family Court, Kings County, awarding sole physical custody of the parties' child to the father with unsupervised parental access to the mother. In May 2018, the father filed a petition in the Family Court, Putnam County, to modify that stipulation so as to limit the mother to supervised parental access. The Family Court, after a hearing, granted the father's petition, finding, among other things, that several incidents bearing on the mother's health represented a change in circumstances and negatively impacted her ability to safely care for the child in an unsupervised setting. The mother appeals.
An existing parental access order may be modified only "upon a showing that there has been a subsequent change of circumstances and modification is required" to ensure the best interests of the child (Family Ct Act § 467[b][ii]; see Matter of Lupo v Raisford, 162 AD3d 1032, 1033; Matter of Angelina L.C. [Michael C.-Patricia H.-C.], 110 AD3d 793, 795). Supervised parental access is appropriately required only where it is established that unsupervised parental access would be detrimental to the child (see Matter of Masri v Masri, 171 AD3d 1183, 1185; Matter of Watson v Maragh, 156 AD3d 801, 802). The determination of whether parental access should be supervised is a matter within the sound discretion of the hearing court, and its findings will not be disturbed on appeal unless it lacks a sound and substantial basis in the record (see Matter of Masri v Masri, 171 AD3d at 1185; Matter of Watson v Maragh, 156 AD3d at 802; Matter of Irizarry v Irizarry, 115 AD3d 913, 914-915).
Here, the determination of the Family Court that there had been a change of circumstances since the time of the so-ordered stipulation dated December 17, 2015, and that it was in the child's best interests that parental access with the mother be supervised by a third party or supervising agency, was supported by a sound and substantial basis in the record (see Family Ct Act § 467[b][ii]; Matter of Reilly v Hager-Reilly, 166 AD3d 825, 827; Matter of Watson v Maragh, 156 AD3d at 802). Accordingly, we agree with the court's determination granting the father's petition.
MASTRO, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court