Matter of Henry v Fiala (2020 NY Slip Op 03106)





Matter of Henry v Fiala


2020 NY Slip Op 03106


Decided on June 3, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 3, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-02881
 (Docket Nos. V-1231-17, V-1232-17)

[*1]In the Matter of Leon Henry, appellant,
v
Stefanie Fiala, respondent.


Joseph H. Nivin, Forest Hills, NY, for appellant.
Francine Scotto, Staten Island, NY, for respondent.
Marc A. Berk, Staten Island, NY, attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Richmond County (Peter F. DeLizzo, J.), dated February 27, 2019. The order, insofar as appealed from, after a hearing, denied the father's petition, in effect, to modify a prior order of parental access of the same court.
ORDERED that the order dated February 27, 2019, is affirmed insofar as appealed from, without costs or disbursements.
An existing order of parental access may be modified only upon a showing that there has been such a change in circumstances since the issuance of the order that modification is necessary to ensure the continued best interests and welfare of the child (see Matter of Licato v Jornet, 146 AD3d 787; Matter of Rogan v Guida, 143 AD3d 830; Matter of Rambali v Rambali, 102 AD3d 797). Moreover, because determinations with regard to parental access depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, this Court accords deference to the Family Court's findings and will not set them aside unless they lack a sound and substantial basis in the record (see Matter of Clarke v Wiltshire, 145 AD3d 776). Furthermore, considerable deference must be accorded to the court's assessment of the parties, inasmuch as the assessment rests on that court's superior position to evaluate the witnesses' demeanor and credibility (see Matter of Wright v Stewart, 131 AD3d 1256; Matter of Santano v Cezair, 106 AD3d 1097). When determining issues of custody and parental access, the most important factor to be considered is the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Jules v Corriette, 76 AD3d 1016).
Here, there is a sound and substantial basis in the record for the Family Court's determination to deny the father's petition, in effect, to modify the prior order of parental access so as to allow him unsupervised parental access with the children. Accordingly, the court's determination will not be disturbed.
DILLON, J.P., MALTESE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court