Matter of Ayers v Babcock (2020 NY Slip Op 06119)





Matter of Ayers v Babcock


2020 NY Slip Op 06119


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-08196
 (Docket No. V-5763-10)

[*1]In the Matter of Matthew Ayers, appellant,
v
Faith Babcock, respondent.


Gary E. Eisenberg, New City, NY, for appellant.
Jessica Bacal, Katonah, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Orange County (Victoria B. Campbell, J.), dated June 24, 2019. The order granted the mother's motion, made at the close of the father's case at a fact-finding hearing, to dismiss the father's petition to modify an order dated August 4, 2015, for failure to establish a prima facie case, and dismissed the petition.
ORDERED that the order dated June 24, 2019, is reversed, on the law, without costs or disbursements, the mother's motion to dismiss the petition is denied, the petition is reinstated, and the matter is remitted to the Family Court, Orange County, for further proceedings consistent herewith.
The parties are the parents of one child, born in 2005. By order dated August 4, 2015 (hereinafter the August 2015 order), the parties were awarded joint legal custody of the child, with primary physical custody to the mother and parental access to the father. In 2019, the father filed a petition to modify the August 2015 order so as to, inter alia, award him certain expanded parental access with the child. A hearing on the father's petition was conducted, wherein the father testified. Although the father's counsel requested that the Family Court conduct an in camera interview of the child, such interview was not conducted. Instead, at the close of the father's case, the mother moved to dismiss the petition on the ground that the father failed to establish a prima facie case of a change of circumstances, and the court granted the mother's motion. The father appeals.
An existing order of parental access may be modified only upon a showing that there has been such a change in circumstances since the issuance of the order that modification is necessary to ensure the continued best interests and welfare of the child (see Matter of Henry v Fiala, 184 AD3d 562, 563; Matter of Lynch v Fittipaldi-Lynch, 183 AD3d 741; Matter of Rajakkannan v Pradhan, 172 AD3d 1075, 1075-1076). In deciding a motion to dismiss a modification petition for failure to establish a prima facie case, the court must accept the petitioner's evidence as true and afford the petitioner the benefit of every favorable inference that can reasonably be drawn therefrom (see Matter of Orebek v Vail, 177 AD3d 976, 977; Matter of James R.O. v Cond—Arnold, 99 AD3d 801).
Here, we disagree with the Family Court's determination granting the mother's motion to dismiss the father's petition. Accepting the father's evidence as true and affording him the benefit of every favorable inference, the father presented sufficient evidence to make a prima facie showing of a change in circumstances which might warrant modification of the parental access awarded to him in the August 2015 order. Specifically, the child's changing needs as he grew older sufficiently constituted a change in circumstances (see Matter of Miller v Shaw, 160 AD3d 743, 744; Matter of Chase v Benjamin, 44 AD3d 1130, 1131). In addition, certain statements made by the court to the effect that "joint custody goes out the window if we conclude this matter by a hearing" were inappropriate and should not be repeated.
Furthermore, while the express wishes of children are not controlling, "they are entitled to great weight, particularly where their age and maturity would make their input particularly meaningful" (Koppenhoefer v Koppenhoefer, 159 AD2d 113, 117; see Matter of Newton v McFarlane, 174 AD3d 67, 75; Matter of Guerra v Oakes, 160 AD3d 855, 856). The Family Court should have conducted an in camera interview of the child, who was 14 years old at the time of the hearing. We note that the attorney for the child has filed a brief in support of an affirmance, which is a position counter to that taken by the attorney who represented the child before the Family Court and to the child's purported wishes.
Accordingly, we reverse the order appealed from and remit the matter to the Family Court, Orange County, for a continued hearing, including an in camera interview of the child, and, thereafter, for a new determination of the father's petition.
RIVERA, J.P., ROMAN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court