Matter of Coleman v Lymus (2021 NY Slip Op 02389)





Matter of Coleman v Lymus


2021 NY Slip Op 02389


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2020-02800
 (Docket No. V-14785-09/17M)

[*1]In the Matter of Darryl Coleman, appellant,
v
Nailah Lymus, respondent.


Warren S. Hecht, Forest Hills, NY, for appellant.
Charles Lawson, Brooklyn, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Janet Neustaetter and Louise Feld of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Rupert V. Barry, J.), dated March 5, 2020. The order, after a hearing, denied the father's petition to modify an order of custody and parental access of the same court (Robert Mulroy, J.) dated March 2, 2017, so as to award the parties joint physical custody of their child or, in the alternative, to expand his parental access.
ORDERED that the order dated March 5, 2020, is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a new hearing, including an in camera interview with the child, to be conducted with all convenient speed, and for a new determination of the father's petition thereafter.
The parties, who were never married to each other, have one child together, who was born in 2007. By order dated March 2, 2017, the parties were awarded joint legal custody of the child, with sole physical custody to the mother and parental access to the father. In August 2017, the father filed a petition to modify the order dated March 2, 2017, so as to award the parties joint physical custody, or, in the alternative, to expand his parental access. After a hearing, the Family Court denied the father's petition. The father appeals.
A modification of a court-ordered custody arrangement must be based upon a showing of a change in circumstances such that the modification is required to protect the best interests of the child (see Matter of Amendola v Maglione, 189 AD3d 1030, 1031). A child's changing needs as he or she grows older can sufficiently constitute a change in circumstances (see Ayers v Babcock, 187 AD3d 1179).
Here, in light of the evidence presented by the father and assertions of the attorney for the child, the Family Court should not have determined the father's petition without conducting an in camera interview with the child. "[W]hile the express wishes of children are not controlling, 'they are entitled to great weight, particularly where their age and maturity would make their input [*2]particularly meaningful'" (id. at 1180, quoting Koppenhoefer v Koppenhoefer, 159 AD2d 113, 117).
Accordingly, we reverse the order dated March 5, 2020, and remit the matter to the Family Court, Kings County, for a new hearing, including an in camera interview with the child, to be conducted with all convenient speed, and for a new determination of the father's petition thereafter.
AUSTIN, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court