Matter of Fortune v Jasmin (2024 NY Slip Op 05443)

Matter of Fortune v Jasmin

2024 NY Slip Op 05443

Decided on November 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-09949
 (Docket No. V-198-23/23A)

[*1]In the Matter of Tahishia Fortune, appellant,
v
Katia Jasmin, respondent.

Steven N. Feinman, White Plains, NY, for appellant.
Klein & Sanchez, P.C., Poughkeepsie, NY (Steven H. Klein of counsel), for respondent.
Gloria Marchetti-Bruck, White Plains, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Orange County (Victoria B. Campbell, J.), dated October 16, 2023. The order, upon the granting of the respondent's motion, made at the close of the petitioner's case at a hearing, to dismiss the petition for failure to establish a prima facie case, dismissed the petition, in effect, to modify the parties' stipulation of settlement dated October 9, 2018, which was incorporated but not merged into the parties' judgment of divorce dated December 13, 2018, so as to permit the petitioner to relocate with the parties' child to New Jersey.
ORDERED that the order is reversed, on the law, without costs or disbursements, the respondent's motion to dismiss the petition is denied, the petition is reinstated, and the matter is remitted to the Family Court, Orange County, for further proceedings in accordance herewith.
The parties have one child together, who was born in 2012. In a stipulation of settlement dated October 9, 2018, the parties, inter alia, agreed to joint legal custody of the child, with primary residential custody to the petitioner and certain parental access to the respondent. The parties also agreed to maintain a residence within a 20-mile radius of each other until the child was emancipated or went to college. The stipulation of settlement was incorporated but not merged into the parties' judgment of divorce dated December 13, 2018. In September 2020, the petitioner remarried.
In January 2023, the petitioner filed a petition, in effect, to modify the stipulation of settlement so as to permit her to relocate with the child from Cornwall to Bergen County, New Jersey, outside the 20-mile radius from the respondent's residence in Newburgh. At a hearing on the petition, the respondent moved at the close of the petitioner's case to dismiss the petition for failure to establish a prima facie case. The attorney for the child asked the Family Court to reserve decision on the motion and "to hear the other parties" before making a determination. The court granted the respondent's motion to dismiss the petition. In an order dated October 16, 2023, the court dismissed the petition. The petitioner appeals.
"A request to relocate a child constitutes a change in circumstances, requiring the parent seeking to move to demonstrate that relocating the child is in the child's best interests" (Matter of Kates v Simpson, 180 AD3d 1043, 1044; see Matter of Gomez v Martinez, 188 AD3d 682, 684). When reviewing a custodial parent's request to relocate, the court must consider "all the relevant facts and circumstances[,] . . . with predominant emphasis being placed on what outcome is most likely to serve the best interests of the child" (Matter of Tropea v Tropea, 87 NY2d 727, 739; see Matter of David v LoPresti, 176 AD3d 701, 702-703). The factors to be considered include, but are "not limited to[,] each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (Matter of Tropea v Tropea, 87 NY2d at 740-741; see Matter of Conroy v Vaysman, 191 AD3d 977, 979-980). "In assessing these factors, no single factor should be treated as dispositive or given such disproportionate weight as to predetermine the outcome, but the impact of the move on the relationship between the child and the noncustodial parent will remain a central concern" (Matter of Barker v Rohack, 173 AD3d 1173, 1174 [internal quotation marks omitted]; see Matter of Tropea v Tropea, 87 NY2d at 738-739). "While not necessarily determinative, the child's expressed preference is some indication of what is in his or her best interests and, in weighing that factor, a court must consider the age and maturity of the child" (Matter of David v LoPresti, 176 AD3d at 703 [internal quotation marks omitted]; see Matter of Masiello v Milano, 180 AD3d 683, 685).
"In deciding a motion to dismiss a petition for failure to establish a prima facie case, the court must accept the petitioner's evidence as true and afford the petitioner the benefit of every favorable inference that can reasonably be drawn therefrom" (Matter of Farouz v Faltas, 179 AD3d 1064, 1065 [internal quotation marks omitted]; see Matter of Ayers v Babcock, 187 AD3d 1179, 1180). "The question of credibility is irrelevant, and should not be considered" (Matter of Conroy v Vaysman, 191 AD3d at 979 [internal quotation marks omitted]).
Here, accepting the petitioner's evidence as true and affording her the benefit of every favorable inference, the petitioner presented sufficient evidence to establish a prima facie case that relocating with the child to Bergen County might be in the child's best interests (cf. Matter of Farouz v Faltas, 179 AD3d at 1065). At the hearing, the petitioner and her spouse testified that they wanted to relocate to Bergen County because they would have family support there and the child liked spending time with family members living in that area. The petitioner further testified that if she were permitted to relocate, she would continue the respondent's parental access schedule set forth in the stipulation of settlement and would agree to additional parental access for the respondent. We note that the Family Court did not ascertain from the attorney for the child the position of the then 11-year-old child or conduct an in camera interview with the child (see Matter of David v LoPresti, 176 AD3d at 703; see also Matter of Ayers v Babcock, 187 AD3d at 1180).
Accordingly, we reverse the order and remit the matter to the Family Court, Orange County, for a continued hearing, including an in camera interview with the child, and, thereafter, for a new determination of the petition.
DILLON, J.P., WOOTEN, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court