Matter of Soto v Katz (2025 NY Slip Op 03197)

Matter of Soto v Katz

2025 NY Slip Op 03197

Decided on May 28, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 28, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2024-06979
2024-06980
 (Docket Nos. V-12807-10/19E, V-12807-10/19F, V-12807-10/19G, V-12807-10/21I)

[*1]In the Matter of Edwin Soto, appellant,
v
Liza Beth Katz, respondent. (Proceeding No. 1).
In the Matter of Liza Beth Katz, respondent,
v Edwin Soto, appellant. (Proceeding No. 2).

Carol Kahn, New York, NY, for appellant.
Richard Cardinale, Brooklyn, NY, for respondent.
Liberty Aldrich, Brooklyn, NY (Janet Neustaetter and Eva D. Stein of counsel), attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from (1) an order of the Family Court, Kings County (Judith D. Waksberg, J.), dated July 9, 2024, as amended, and (2) an order of the same court dated July 10, 2024. The order dated July 9, 2024, as amended, after a hearing, denied the father's petition, in effect, to modify an order of the same court dated May 31, 2016, so as to award him overnight parental access with the parties' child, granted the mother's petition, in effect, to modify the order dated May 31, 2016, so as to award her sole legal and physical custody of the child, and designated a certain location for pick up and drop off of the child. The order dated July 10, 2024, denied the same relief to the father and granted the same relief to the mother.
ORDERED that the appeal from the order dated July 9, 2024, as amended, is dismissed, without costs or disbursements, as that order was superseded by the order dated July 10, 2024; and it is further,
ORDERED that the order dated July 10, 2024, is affirmed, without costs or disbursements.
The parties, who were never married, are the parents of a child born in 2008. In an order dated July 18, 2011, entered upon the parties' consent, the Family Court, inter alia, awarded the parties joint legal custody of the child with residential custody to the mother and certain parental access to the father. In an order dated May 31, 2016, the court, among other things, awarded the [*2]father increased parental access with the child (hereinafter the 2016 order).
Beginning in 2019, the parties filed multiple petitions and motions to enforce or modify various provisions of the 2016 order. After a consolidated hearing, in an order dated July 9, 2024, as amended, the Family Court denied the father's petition, in effect, to modify the 2016 order so as to award him overnight parental access with the child, granted the mother's petition, in effect, to modify the 2016 order so as to award her sole legal and physical custody of the child, and designated a certain location for pick up and drop off of the child. In an order dated July 10, 2024, the court denied the same relief to the father and granted the same relief to the mother. The father appeals.
"In order to modify an existing custody arrangement, there must be a showing of a subsequent change in circumstances so that modification is required to protect the best interest of the child" (Matter of Walker v Sterkowicz-Walker, 203 AD3d 1165, 1166; see Matter of Blackman v Barge, 234 AD3d 752, 753). "The best interests of the child must be determined by reviewing the totality of the circumstances" (Matter of Saliba v Melvin, 227 AD3d 913, 914; see Eschbach v Eschbach, 56 NY2d 167, 174). "Since the Family Court's determination with respect to custody and visitation depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, deference is accorded to its findings in this regard, and such findings will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Gangi v Sanfratello, 157 AD3d 677, 678).
Here, the Family Court properly determined that a change in circumstances existed to warrant modification of the 2016 order based upon, inter alia, the deterioration of the relationship between the parents and the child's changing needs as he grew older (see Matter of Fiore v Gima, 227 AD3d 1071, 1073; Matter of Ayers v Babcock, 187 AD3d 1179, 1180; Matter of Miller v Shaw, 160 AD3d 743, 744).
Further, contrary to the father's contention, there was a sound and substantial basis in the record for the Family Court's determination to award sole legal and physical custody of the child to the mother and to limit the father's parental access to daytime visits. Among other things, the evidence established that the mother was the child's primary caretaker and had a better understanding of the child's educational and serious medical needs (see Matter of Plica v Almonte, 233 AD3d 688, 689; Matter of Akerele v Garnett, 226 AD3d 671, 672). In contrast, the father lacked knowledge of the child's educational and medical needs and had failed to administer the child's medication during past overnights visits.
The father's remaining contentions are either unpreserved for appellate review or without merit.
DUFFY, J.P., BRATHWAITE NELSON, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court