Matter of Vicente v Diaz (2025 NY Slip Op 05089)

Matter of Vicente v Diaz

2025 NY Slip Op 05089

Decided on September 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2024-06428
 (Docket Nos. V-12776-17/20B, V-1277-17/20B)

[*1]In the Matter of Linda Vicente, respondent,
v
Carlos Diaz, appellant.

Warren S. Hecht, Forest Hills, NY, for appellant.
Robin Stone Einbinder, Flushing, NY, for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Polixene Petrakopoulos of counsel), attorney for the children.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Queens County (Mildred T. Negron, J.), dated June 26, 2024. The order, insofar as appealed from, after a hearing, granted the mother's petition, in effect, to modify a so-ordered stipulation of settlement dated January 23, 2017, so as to reduce the father's parental access from weekly to biweekly parental access with the parties' children and to require that the father's parental access be supervised by a mental health professional, and, in effect, delegated to the parties the selection of a mental health professional for supervised parental access and to the mental health professional the scheduling of supervised parental access.
ORDERED that the order is modified, on the law and the facts, by deleting the provisions thereof, in effect, reducing the father's parental access from weekly to biweekly parental access with the children and, in effect, delegating to the parties the selection of a mental health professional for supervised parental access and to the mental health professional the scheduling of supervised parental access; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, to forthwith set an appropriate schedule and select a mental health professional for the father's supervised parental access with the children; and it is further,
ORDERED that, in the interim, the parental access provisions set forth in the order shall remain in effect, except that the father shall have weekly supervised parental access instead of biweekly supervised parental access, dependent on the father's availability or other limitations.
The parties have two children together, born in 2013 and 2015, respectively. In a so-ordered stipulation of settlement dated January 23, 2017 (hereinafter the stipulation), the parties agreed that the mother would have sole custody of the children, with certain unsupervised parental access to the father. After a hearing, the Family Court granted the mother's petition, in effect, to modify the stipulation so as to reduce the father's parental access from weekly to biweekly parental access with the children and to require that the father's parental access be supervised by a mental [*2]health professional. The court, in effect, delegated to the parties the selection of a mental health professional for supervised parental access and to the mental health professional the scheduling of supervised parental access. The father appeals.
"Modification of a court-approved stipulation setting forth the terms of custody or parental access is permissible only upon a showing that there has been a sufficient change in circumstances such that modification is necessary to ensure the best interests and welfare of the child" (Matter of Burke v Squires, 202 AD3d 784, 785; see Matter of Fernandez v Rasberry, 238 AD3d 870, 871). "Supervised parental access is appropriately required only where it is established that unsupervised parental access would be detrimental to the child" (Matter of Gray v Tyson, 205 AD3d 720, 722 [internal quotation marks omitted]; see Matter of Lynch v Fittipaldi-Lynch, 183 AD3d 741, 741). "A determination with respect to parental access, including whether it should be supervised, is within the sound discretion of the Family Court, and its determination will not be set aside unless it lacks a sound and substantial basis in the record" (Matter of Devine v Dominguez, 210 AD3d 768, 769; see Matter of Lynch v Fittipaldi-Lynch, 183 AD3d at 742).
Here, the Family Court's determination that there had been a change in circumstances since the parties entered into the stipulation, and that it was in the children's best interests that the father's parental access be supervised by a mental health professional, was supported by a sound and substantial basis in the record (see Matter of Lynch v Fittipaldi-Lynch, 183 AD3d at 742; see also Matter of Gray v Tyson, 205 AD3d at 722).
However, there was not a sound and substantial basis in this record to reduce the father's parental access from, in effect, one supervised visit per week to one every two weeks (see Matter of Munroe v Smith, 189 AD3d 1595, 1598-1599; Matter of Angela F. v Gail WW., 113 AD3d 889, 890). Moreover, the Family Court should have designated a mental health professional for the father's supervised parental access and set forth a schedule, rather than, in effect, delegating the resolution of those issues to the parties and the mental health professional, respectively (see Matter of Thomas R.K. v Tamara S.K., 166 AD3d 773, 775; Matter of Goldfarb v Szabo, 130 AD3d 728, 729).
Accordingly, we remit the matter to the Family Court, Queens County, to forthwith set an appropriate schedule and select a mental health professional for the father's supervised parental access with the children (see Matter of Thomas R.K. v Tamara S.K., 166 AD3d at 775).
The father's remaining contentions are either without merit or not properly before this Court.
DUFFY, J.P., MILLER, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court